# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALVIN KABIGTING, | CASE NO. C09-022JLR |
| Plaintiff, | ORDER |
| v. | |
| GROUP HEALTH COOPERATIVE, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the court on Defendant Group Health Cooperative's ("Group Health") motion for summary judgment (Dkt. # 16). Having reviewed the motion, as well as all papers filed in support and opposition, and having heard the argument of counsel, the court DISMISSES the complaint without prejudice.

ORDER - 1

## II. BACKGROUND

Plaintiff Alvin Kabigting was employed by Group Health as a laboratory assistant for approximately 20 years. (Declaration of Alvin Kabigting ("Kabigting Decl.") (Dkt. # 19) at 1; Compl. (Dkt. # 1) ¶ 4.) On April 2, 2007, Group Health terminated Mr. Kabigting's employment. (Declaration of Jenny Odsather ("Odsather Decl.") (Dkt. # 17), Ex. 1 (Termination Letter).) In the termination letter, Coco Hendricks, Group Health's lab manager, stated that the grounds for the termination included recent violations of the computer usage policy, the attendance policy, the infection control policy, the standards of conduct, the safety and storage policy, and the phone policy, as well as a history of other violations. (Termination Letter at 1-3.) Among these alleged violations, Ms. Hendricks noted that on January 9, 2007, she counseled Mr. Kabigting "about conversing in a language, other than English, in patient areas." (Termination Letter at 2.)

Mr. Kabigting's employment relationship with Group Health was governed by a collective bargaining agreement ("CBA") entered into between Group Health and the United Food and Commercial Workers Union, Local 21 ("UFCW"). (Odsather Decl., Ex. 14 ("CBA").) The CBA provides that "[d]iscipline and discharge shall be for just cause." (CBA, art. 7, ¶ 7.05.) The CBA establishes mandatory grievance procedures, defining a grievance as "an alleged violation of the terms and conditions" of the CBA. (CBA, art. 21 ("If any such grievance arises, it shall be submitted to the following grievance procedure.").)

On April 18, 2007, UFCW filed a grievance on behalf of Mr. Kabigting pursuant to Step 1 of the CBA grievance procedures. (Odsather Decl., Ex. 2.) Ms. Hendricks denied the UFCW's request that Group Health reinstate Mr. Kabigting. (Odsather Decl., Ex. 3.) Group Health also denied UFCW's Step 2 and Step 3 grievances under the CBA. (Odsather Decl., Exs. 4 & 5.) Step 4 of the CBA's grievance procedures provides for arbitration of the dispute. (CBA, art. 21.) However, the parties must select an arbitrator within a specific window or risk forfeiture of the grievance:

> Any grievance where an arbitrator has not been selected within sixty (60) days of the date of the Employer's step 3 response will be forfeited unless an extension is agreed to in writing by both parties. Forfeiture is not a determination on the merit of the grievance and shall not constitute a precedent.

(*Id.*) On December 7, 2007, UFCW withdrew the grievance because an arbitrator had not been selected within the 60-day window. (Odsather Decl., Ex. 7; *see* Odsather Decl., Exs. 8 & 9.) An email exchange between Group Health and UFCW suggests that UFCW considered the grievance closed "because [UFCW] did not hear from [Mr. Kabigting] in a timely manner after [UFCW] sent him his appeal rights." (*See* Odsather Decl., Exs. 8 & 9.)

On February 26, 2008, Mr. Kabigting filed a charge against UFCW with the National Labor Relations Board ("the NLRB"). (Odsather Decl., Ex. 10 ("NLRB Charge").) In his charge, Mr. Kabigting alleged that "[w]ithin the past six months [UFCW] failed to represent Alvin Kabigting in his termination grievance for illegal

reasons." (NLRB Charge at 1.) On April 25, 2008, the NLRB withdrew the charge, although the record does not reveal why. (Odsather Decl., Ex. 12.)

On December 9, 2008, Mr. Kabigting filed a complaint against Group Health in the Superior Court for King County, Washington. In his complaint, Mr. Kabigting states that Group Health terminated his employment based on (1) the allegation that "Mr. Kabigting improperly accessed and printed pictures from the internet"; (2) the allegation that "Mr. Kabigting downloaded scrubbing software to erase the internet history"; and (3) "a number of other allegations that were not based on fact." (Compl. ¶¶ 5, 7, 9.) In reliance on these factual allegations, Mr. Kabigting asserts a single cause of action: "GroupHealth did not have just cause to terminate Mr. Kabigting based on this pretext." (Compl. ¶ 10.) Group Health removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1331 on the ground that Mr. Kabigting asserts a claim for breach of the CBA that arises under and is preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq*. In the joint status report, the parties described the nature of the case as follows: "This is a breach of contract claim. Mr. Kabigting alleges that [Group Health] breached his employment contract when it fired him without 'just cause' as required under the contract." (Joint Status Report ("JSR") (Dkt. # 14) ¶ 1.)

At oral argument on the motion to dismiss, the court directed the parties to file supplemental briefing regarding the question of exhaustion under the CBA grievance procedures. Both parties have filed supplemental briefing on this issue. (*See* Pl. Supp. (Dkt. # 24); Def. Supp. (Dkt. # 26).)

## III. ANALYSIS

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). Failure to exhaust non-judicial remedies, if raised in a motion for summary judgment, should be treated as a 'nonenumerated' motion to dismiss under Federal Rule of Civil Procedure 12(b). *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988).

**A.  Federal Jurisdiction & Preemption Under § 301 of the LMRA**

Section 301 of the LMRA establishes federal jurisdiction over "[s]uits for violation of contracts between and employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The Supreme Court interprets section 301 "to compel the complete preemption of state law claims brought to enforce collective bargaining agreements." *Id*. Here, the court has jurisdiction pursuant to section 301 over Mr. Kabigting's claim because he alleges that Group Health breached the CBA.

**B. CBA Claim & Exhaustion Requirements**

An individual employee may bring suit against his or her employer for breach of a collective bargaining agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). In general, however, an employee must attempt to exhaust any grievance or arbitration remedies provided for in the agreement. *Id.*; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007) ("Prior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement."). An exception to the exhaustion requirement exists for so-called hybrid claims under *DelCostello* where the employee demonstrates that the union representing him in the grievance procedures breached its duty of fair representation. *DelCostello*, 462 U.S. at 164; *see Soremekun*, 509 F.3d at 986. Hybrid claims are subject to the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello*, 462 U.S. at 169-71; *Soremekun*, 509 F.3d at 989 n.39. The limitations period "generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

Mr. Kabigting alleges that Group Health breached the terms of the CBA by terminating his employment without just cause. The facts of this case are of the type that could potentially give rise to a hybrid claim under *DelCostello*. In his complaint, however, Mr. Kabigting does not allege that UFCW breached its duty of fair

representation. In *Soremekun*, the Ninth Circuit underscored that an employee must allege in his or her complaint that the union breached the duty of fair representation in order to make out a hybrid claim. 509 F.3d at 988-89; *see Waldron v. Boeing Co.*, 388 F.3d 591, 594 (8th Cir. 2004) ("If an employee does not agree with the results reached through the procedures of the CBA, the employee, in order to bring an individual suit directly against the employer for breach of the CBA, must *allege and prove* the union breached its duty of fair representation" (emphasis added)). Because Mr. Kabigting does not allege that UFCW breached its duty of fair representation and specifically represents that his claim is not a hybrid claim, the court declines to treat Mr. Kabigting's claim as a hybrid claim.[1]

Nonetheless, Mr. Kabigting's failure to exhaust the CBA grievance procedures mandates the dismissal of his complaint.[2] *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *Soremekun*, 509 F.3d at 988-89. Mr. Kabigting admits that he did not exhaust Step 4 of the CBA grievance procedures but argues that Step 4 is optional instead of mandatory. (Pl. Supp. at 4.) He reasons that "all parties are free to pursue other remedies," such as

---

[1] If Mr. Kabigting had alleged a hybrid claim, the six-month statute of limitations would operate to bar his claim. Mr. Kabigting knew or should have known of UFCW's alleged breach of the duty of fair representation at the time he filed a charge with the NLRB in February 2008, which alleged that UFCW had failed to represent Mr. Kabigting in his termination grievance procedures for illegal reasons. (NLRB Charge at 1.) Even assuming Mr. Kabigting's cause of action accrued as late as April 2008 when the NLRB withdrew the charge, the six-month statute of limitations had run by December 9, 2008, when Mr. Kabigting filed the instant complaint against Group Health. (*See* Odsather Decl., Ex. 12.)

[2] To the extent Group Health raises the issue of exhaustion, the court will treat the motion for summary judgment as a nonenumerated motion to dismiss. *Ritza*, 837 F.2d at 368.

the instant lawsuit, without completing Step 4. (*Id.*) The court disagrees. Article 21 of the CBA provides that any grievance "shall be submitted to the following grievance procedure." (CBA, art. 21.) The Supreme Court teaches that any doubts regarding whether an agreement permits an employee to opt-out of grievance procedures must be resolved against such an interpretation. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 658-69 (1965). Here, although Step 4 is "optional" to the extent that UFCW and Group Health have discretion to determine whether to proceed to arbitration, the CBA does not extend this discretion to individual employees. "Use of the permissive 'may' does not of itself reveal a clear understanding between the contracting parties that individual employees, unlike either the union or the employer, are free to avoid the contract procedure and its time limitations in favor of a judicial suit." *Id.* Because courts must resolve doubts against a permissive interpretation and the CBA provides that grievances "shall be submitted" to the grievance procedures, the court concludes that Mr. Kabigting was required to exhaust Step 4 of the CBA grievance procedures. *Id.*; *see Vaca*, 386 U.S. at 184; *Soremekun*, 509 F.3d at 985-86; *Rice v. Providence Reg'l Med. Ctr. Everett*, No. C09-482 RSM, 2009 WL 2342449, at *5 (W.D. Wash. July 28, 2009). The relevant exception to the exhaustion requirement is a hybrid suit. Mr. Kabigting presents no case law in support of his contention that, on the facts of this case, he was entitled to bypass Step 4 outside the framework of a hybrid suit. The parties agree that Mr. Kabigting did not complete Step 4 of the CBA grievance procedures. Therefore, because exhaustion is a necessary prerequisite, the court dismisses Mr. Kabigting's complaint without

prejudice for failure to exhaust the CBA grievance procedures.[3] *See Soremekun*, 509 F.3d at 989.

**C.    Employment Discrimination Claim**

Mr. Kabigting also contends that he "may have an employment discrimination case against" Group Health outside the scope of the CBA. (Resp. at 4.) This argument is specious and must be rejected. A review of Mr. Kabigting's complaint and of his previous representations to the court demonstrates that Mr. Kabigting's complaint does not allege or encompass an employment discrimination claim. First, in his complaint, Mr. Kabigting asserts a single cause of action: "GroupHealth did not have just cause to terminate Mr. Kabigting based on this pretext." (Compl. ¶ 10.) The language of the complaint tracks the language of the CBA, which provides that "discharge shall be for just cause." (CBA at ¶ 7.05.) Nowhere in his complaint does Mr. Kabigting use the word "discrimination" or make reference to RCW 49.60.180(2). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Mr. Kabigting has not met even this low standard with respect to an employment discrimination claim, and the court will

---

[3] The court declines to stay this matter as requested by Mr. Kabigting, but agrees that his complaint should be dismissed without prejudice. *See Rice*, 2009 WL 2342449, at *5 (dismissing without prejudice plaintiff's claim for failure to exhaust collective bargaining agreement grievance procedures on motion to dismiss). In general, an individual's failure to exhaust administrative remedies results in dismissal without prejudice. *See O'Guinn v. Lovelock Correctional Ctr.*, 502 F.3d 1056, 1063 (9th Cir. 2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Group Health has not demonstrated why the court should deviate from the general rule.

not now accept his wholesale re-characterization of his claim against Group Health. Second, in their joint status report, the parties describe the nature of the case as follows: "This is a breach of contract claim. Mr. Kabigting alleges that [Group Health] breached his employment contract when it fired him without 'just cause' as required under the contract." (JSR ¶ 1.) Counsel for Mr. Kabigting signed the joint status report, which again makes no mention of employment discrimination. On balance, Mr. Kabigting's characterization of his claim as an employment discrimination claim is unsupported by the pleadings and his representations to the court. The court declines to treat his claim as alleging a state law claim for employment discrimination.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Kabigting's complaint without prejudice.

Dated this 24th day of September, 2009.

JAMES L. ROBART
United States District Judge